DeMarco Mitchell, PLLC
Robert T. DeMarco
Michael S. Mitchell
500 N. Central Expressway
Suite 500
Plano, TX 75074
T  972-578-1400
F  972-346-6791

# IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| **IN RE:**<br><br>**Lone Star Logistics and Delivery, LLC**<br>84-2917608<br>5211 Spanish Oaks<br>Frisco, TX 75034<br><br>**Debtor** | Case No.:   24-41357-R<br><br><br>Chapter:   11 |

## DEBTOR'S EXPEDITED MOTION FOR ORDER AUTHORIZING
## THE INTERIM AND FINAL USE OF CASH COLLATERAL
## [11 U.S.C. §§ 105, 361, and 363]

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW**, Lone Star Logistics and Delivery, LLC, debtor and debtor in possession in the above-styled and numbered case (the "**Debtor**"), and files this *Debtor's Expedited Motion for Order Authorizing the Interim and Final Use of Cash Collateral [11 U.S.C. §§ 105, 361, and 363]* by and through the undersigned attorney. Debtor requests the entry of an interim order substantially in the form attached hereto as **Exhibit "A"** (the "**Interim Order**") and a final order (the "**Final Order**", and in conjunction with the Interim Order, the "**Cash Collateral Orders**"), pursuant to 11 U.S.C. §§ 105, 361, and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014: (a) authorizing Debtor to use the cash collateral of the Secured Lenders (defined *infra*) and granting adequate protection thereto; and (b) prescribing the form and manner of notice and setting the time for the final hearing on this Motion (the "**Final Hearing**"). The facts and circumstances supporting this Motion are set forth in the concurrently filed *Declaration of Brian*

*Blackmire in Support of First Day Motions* ("**First Day Declaration**"). In further support of this Motion the Debtor respectfully avers as follows:

## I.      JURISDICTION

1. The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §1334(b) and the standing order of reference of the District Court. This matter is a core proceeding. 28 U.S.C. §157(b).

2. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 105, 361 and 363 of title 11 of United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), and rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## II.     BACKGROUND

4. This bankruptcy case was commenced by the filing of a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on June 7, 2024 (the "**Petition Date**").

5. No trustee[1] or examiner has been appointed, and no official committee of creditors has yet been established.

6. Additional factual background relating to the Debtor's business, capital structure, and the commencement of this chapter 11 case is set forth in detail in the *Declaration of Brian Blackmire in Support of Debtor's First Day Motions* (the "**First Day Declaration**") filed concurrently herewith.

---

[1] Debtor anticipates the appointment of a Subchapter V Trustee within 2 business days of the Petition date.

### III.    FACTS SPECIFIC TO RELIEF REQUESTED

#### A.    Secured Lenders

7.    In accord with Bankruptcy Rule 4001(b)(1)(B)(i) and (iii), Debtor's secured creditor(s)[2] asserting an interest in the Debtor's cash collateral as evidenced by the filing of a UCC-1 financing statement are set forth below.  The Debtor's primary secured creditors include a handful of merchant cash advance and other lenders (collectively, the "**Secured Lenders**").  Those Secured Lenders are as follows:

| Lender | Contact | Email |
|---|---|---|
| Headway Capital, LLC | David Fisher, President | support@headwaycapital.com |
| Highland Hill Capital, LLC (3/6/24 Loan) | Mitchell Levy, Director-Legal Affairs<br><br>Scott Federico, Senior Funding Coordinator<br><br>David Fogel, Esq. | mlevy@highlandhillcap.com<br><br>scott@highlandhillcap.com<br><br>legaldocs@dfogelpc.com<br><br>info@highlandhillcap.com<br>uccsprep@cscinfo.com |
| Highland Hill Capital, LLC (3/27/23 Loan) | Mitchell Levy, Director-Legal Affairs<br><br>Scott Federico, Senior Funding Coordinator<br><br>David Fogel, Esq. | mlevy@highlandhillcap.com<br><br>scott@highlandhillcap.com<br><br>legaldocs@dfogelpc.com<br><br>info@highlandhillcap.com<br>uccsprep@cscinfo.com |

---

[2] Premised upon the UCC-1 filings and other related security documents reviewed to date.

|  |  |  |
|---|---|---|
| National Funding, Inc. | Jennifer Agriesti, Senior Portfolio Management Specialist | jagriesti@nationalfunding.com |
| RD Capital Funding, LLC (d/b/a FinTap) | Ekrim Hajra, Account Manager/Resolutions Specialist, Advanced Recovery Group | ehajra@advancedrecoverygroup.com |

8.      The Debtor is informed and believes that, with the exception of National Funding, Inc., each of the Secured Lenders detailed above recorded UCC-1s through a third-party representative.  As such, the Debtor, at this juncture, is unable to discern which filing applies to which Secured Lender.  Attached hereto as **Exhibit "B"** are true and correct copies of the three (3) UCC-1 filings made through third-party representatives.  A copy of National Funding, Inc.'s UCC-1 filing is attached thereto as well.

9.      The Secured Lenders assert that they are secured by liens on and security interests in substantially all of Debtor's Equipment, Accounts, and Inventory.

10.     In the normal course of business, Debtor uses cash on hand and cash flow from operations to fund payroll obligations, the purchase of materials and supplies, and other general operational needs.  An inability to use these funds during the chapter 11 case would cripple the Debtor's operations. Indeed, the Debtor must use its cash to, among other things, continue the operation of the business in an orderly manner, maintain business relationships with vendors, suppliers and customers, pay employees and satisfy other working capital and operation needs––all of which are necessary to preserve and maintain Debtor's going-concern value and, ultimately, to effectuate a successful reorganization.

11. As set out in the First Day Declaration, the Debtor's flow of receivables directly from Amazon is extremely consistent. Receivables are expected to remain substantially constant throughout the course of the Debtor's reorganization and to provide a source of adequate protection for the interests of the secured creditors detailed above. The Debtor anticipates that it will be able to fully repay all of its obligations via a plan of reorganization.

## IV. RELIEF REQUESTED

12. By this Motion and pursuant to 11 U.S.C. §§ 105, 361, and 363 of the Bankruptcy Code and Bankruptcy Rules 4001 and 9014, Debtor requests that the Court grant the following relief:

    a. Authorize the Debtor, **on an interim basis**, pursuant to section 363(c) of the Bankruptcy Code, to use proceeds of assets on which the Secured Lenders assert liens and security interests ("**Cash Collateral**")[3] in accord with the budget attached to the Interim Order ("**Budget**");

    b. Authorize the Debtor, **on an interim basis**, pursuant to sections 361 and 363 of the Bankruptcy Code, to provide the adequate protection described herein to the Secured Lenders as regards any diminution in value of the Secured Lenders' interest in the Collateral as existing on the Petition Date ("**Prepetition Collateral**"), whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral;

---

[3] Debtor does not hereby admit or consent to the validity, priority, extent or enforceability of the liens asserted by Secured Lender and hereby reserves all rights with respect thereto.

  c. Schedule a Final Hearing pursuant to Bankruptcy Rule 4001 no later than fourteen (14) days after the entry of the Interim Order, to consider the entry of a Final Order authorizing the use of Cash Collateral and approving the notice procedures relative thereto;

  d. Authorize Debtor, **on a final basis**, pursuant to 363(c) of the Bankruptcy Code, to use the Cash Collateral; and

  e. Authorize Debtor, **on a final basis**, pursuant to sections 361 and 363 of the Bankruptcy Code to provide the adequate protection described herein to Secured Lenders as regards any diminution in value of the Secured Lenders' interest in the Prepetition Collateral, whether from the use of Cash Collateral or the use, sale, lease, depreciation, or decline in value of said collateral.

  **V.** **BASIS FOR RELIEF**

  **A.** **Immediate Need for Use of Cash Collateral**

13. Pursuant to Bankruptcy Rule 4001(b)(2), the Court may conduct a preliminary cash collateral hearing within fourteen (14) days of the Petition Date if the relief requested is **necessary to avoid immediate and irreparable harm** to the estate pending a final hearing.

14. The Debtor has an immediate need for the use of Cash Collateral pending a final hearing on this Motion. As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund its operations.

15. Without the use of Cash Collateral, Debtor will have no ability to operate, fund its payroll or pay professionals necessary for the successful reorganization of its business.

Moreover, Debtor will not be able to provide the services upon which it relies for its income to the community in which it operates. All of these outcomes will cause immediate and irreparable harm to the Debtor's bankruptcy estate.

16. The Debtor's ability to finance its operations and the availability to the Debtor of sufficient working capital and liquidity through the use of Cash Collateral is vital to the confidence of its employees, and to the preservation and maintenance of the going-concern value and other values of the bankruptcy estate. The Debtor, therefore, seeks immediate authority to use the Cash Collateral as set forth in the Motion and in the Interim Cash Collateral Order to prevent immediate and irreparable harm to its bankruptcy estates pending the Final Hearing pursuant to Bankruptcy Rule 4001(c).

17. Debtor has formulated a Budget for the use of Cash Collateral. Debtor believes that the Budget includes all reasonable, necessary and foreseeable expenses to be incurred in the ordinary course of business during the subject time period **so as to avoid immediate and irreparable harm** to the bankruptcy estate pending a final hearing.

18. Accordingly, the Debtor seeks to use Cash Collateral existing on or after the Petition Date that may be subject to Secured Lenders' interest in the Prepetition Collateral. As of the Petition Date, Debtor lacks sufficient unencumbered cash to fund the business operation.

19. If approved by this Court, Debtor's right to use Cash Collateral under the terms of the Interim Order will commence on the date of the entry of the Interim Order and expire on the earlier of: (a) the entry of a subsequent interim order; or (b) the entry of the Final Order.

### B. Adequate Protection

20. In consideration for the interim use of cash collateral, and as adequate protection for any diminution of the interest of the Secured Lenders in the Prepetition Collateral, the Debtor hereby tenders to the Secured Lenders, to the extent that the Secured Lenders may hold valid, perfected and unavoidable security interests in the Prepetition Collateral without any requirement to file any documents to perfect that interest, additional and replacement security interests and liens (the "**Replacement Liens**") as follows:

> **The granting of post-petition security interests equivalent to a lien granted under sections 364(c)(2) and (3) of the Bankruptcy Code, as applicable, in and upon the Debtor's personal property (where appropriate) and upon the Cash Collateral, whether such property was acquired before or after the Petition Date.**
>
> **For sake of clarity and to avoid any possibility of confusion, the replacement liens offered herein are intended only to replace each secured creditors liens or liens with an equivalent lien or liens. Said replacement liens are not intended to expand or improve a creditor's lien position.**

21. In addition to the Replacement Liens, the Secured Lenders are adequately protected by the continued business operations of the Debtor.

### C. Request for Final Hearing

22. Pursuant to Bankruptcy Rule 4001(b)(2), Debtor requests this Court set a date for the Final Hearing that is as soon as practicable, but in no event later than fourteen (14) days following the entry of the Interim Order and fix the time and date prior to the Final hearing for parties to file objections to this Motion.

## VI. BANKRUPTCY RULE 4001(B)

23. The Debtor submits that the facts set forth herein establish that "the relief requested herein is necessary to avoid immediate and irreparable harm" to the Debtor. Accordingly, the requirements of Bankruptcy Rule 4001(b)(2) are satisfied.

## VII. NOTICE

24. Bankruptcy Rules 4001 and 9014 generally require that any proceeding to use cash collateral be made only upon Motion and on notice to: (1) any entity that has an interest in the Cash Collateral; (2) a Committee that may be appointed under the Bankruptcy Code (11 U.S.C. § 1102) or, if no such committee is appointed, on the twenty largest unsecured creditors; and (3) such other entities as the Court may direct.

25. Service was made as set forth in the certificate of service below.

**WHEREFORE, PREMISES CONSIDERED**, the Debtor respectfully requests that this Court enter an Interim Order on an expedited basis granting the relief requested herein, establishing a date and time for the Final Hearing; and for such other and further relief as is just and proper.

Respectfully submitted,

Dated: June 10, 2024

*/s/ Michael S. Mitchell*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email** robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email** mike@demarcomitchell.com
500 N. Central Expressway, Suite 500
Plano, TX 75074
**T** 972-578-1400
**F** 972-346-6791
***Proposed* Counsel for Debtor and Debtor in Possession**

**CERTIFICATE OF CONFERENCE**

The undersigned counsel hereby certifies that, prior to the filing of this Motion, he attempted to confer with the following parties concerning their respective positions on the Motion:

| Creditor, Counsel, or Other Party in Interest | Position |
|---|---|
| Marcus Salitore and John Vardeman counsel for the United States Trustee<br><br>Marc.f.salitore@usdoj.gov<br>John.m.vardeman@usdoj.gov<br><br>903-590-1450 | Unopposed |
| Headway Capital, LLC<br><br>support@headwaycapital.com | No response as of the filing of this Motion |
| Highland Hill Capital, LLC<br><br>mlevy@highlandhillcap.com<br>scott@highlandhillcap.com<br>legaldocs@dfogelpc.com<br>info@highlandhillcap.com<br>uccsprep@cscinfo.com<br><br>David Fogel, Esq.<br>Daivd Fogel P.C.<br><br>516-279-1420 | No response as of the filing of this Motion |
| National Funding, Inc.<br><br>jagriesti@nationalfunding.com | No response as of the filing of this Motion |
| RD Capital Funding, LLC (d/b/a FinTap)<br><br>ehajra@advancedrecoverygroup.com<br><br>Jeffrey Parella, Esq.<br>AWN&R Commerical Law Group, PLLC<br><br>718-233-2916 | No response as of the filing of this Motion |

*/s/ Michael S. Mitchell*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
500 N. Central Expressway, Suite 500
Plano, TX 75074
**T**        972-578-1400
**F**        972-346-6791

## CERTIFICATE OF SERVICE

The undersigned counsel herby certifies that true and correct copies of the foregoing pleading and all attachments were served upon all parties listed below in accordance with applicable rules of bankruptcy procedure on this 10th day of June, 2024. Where possible, service was made electronically via the Court's ECF noticing system or via facsimile transmission where a facsimile number is set forth below. Where such electronic service was not possible, service was made via regular first-class mail.

| **DEBTOR** |
|---|

Lone Star Logistics and Delivery, LLC
5211 Spanish Oaks
Frisco, TX 75034

| **TRUSTEE(S)** |
|---|

| | |
|---|---|
| Office of the United States Trustee<br>110 N. College Avenue, Suite 300<br>Tyler, TX 75702<br>ustpregion06.ty.ecf@usdoj.gov | John Vardeman<br>Office of the United States Trustee<br>110 N. College Avenue, Suite 300<br>Tyler, TX 75702<br>John.m.vardeman@usdoj.gov |

| **ADDITIONAL PARTIES IN INTEREST AND/OR PARTIES REQUESTING NOTICE** |
|---|

| | |
|---|---|
| Headway Capital, LLC<br>c/o Corporation Service Company, As Representative<br>P.O. BOX 2576<br>Springfield, IL 62708<br>UCCSPREP@cscinfo.com | Highland Hill Capital, LLC<br>c/o Corporation Service Company, As Representative<br>P.O. BOX 2576<br>Springfield, IL 62708<br>UCCSPREP@cscinfo.com |
| National Funding, Inc.<br>C/O Corporation Service Company, As Representative<br>P.O. Box 2576<br>Springfield, IL 62708<br>USCSPREP@cscinfo.com | RDM Capital Funding, LLC, d/b/a FinTap<br>c/o Corporation Service Company, As Representative<br>P.O. BOX 2576<br>Springfield, IL 62708<br>UCCSPREP@cscinfo.com |
| Highland Hill Capital, LLC<br>1100 Park Central Blvd. S., Suite 1200<br>Pompano Beach, FL 33064 | Highland Hill Capital, LLC<br>C/O David Fogel, Esq.<br>1225 Franklin Avenue, Suite 201<br>Garden City, NY 11530<br>legaldocs@dfogelpc.com |

Headway Capital, LLC
Attn:  Bankruptcy Notice
175 W. Jackson Blvd., Suite 1000
Chicago, IL 60604
support@headwaycapital.com

Headway Capital, LLC
C/O National Registered Agents, Inc.
1999 Bryan Street, Suite 900
Dallas, TX 75201

National Funding, Inc.
9530 Towne Centre Drive, Suite 120
San Diego, CA 92121

National Funding
4380 LaJolla Village Drive
San Diego, CA 92122
Attn:  Jennifer Agriesti
jagriesti@nationalfunding.com

RDM Capital Funding, LLC, d/b/a FinTap
C/O AWN&R Commercial Law Group, PLLC
Attn:  Jeffrey Parrella, Esq.
14 Wall Street, 20th Floor
New York, NY 10005

RDM Capital Funding, LLC, d/b/a FinTap
777 Passaic Ave., Suite 375
Clifton, NJ 07012

RDM Capital Funding, LLC, d/b/a FinTap
C/O Ekrem Hajra
Advanced Recovery Group
30 Two Bridges Road, Suite 100
Fairfield, NJ 07004
ehajra@advancedrecoverygroup.com

**SEE ATTACHED MATRIX**

*/s/ Michael S. Mitchell*
**DeMarco•Mitchell, PLLC**
Robert T. DeMarco, Texas Bar No. 24014543
**Email**   robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**   mike@demarcomitchell.com
500 N. Central Expressway, Suite 500
Plano, TX 75074
**T**         972-578-1400
**F**         972-346-6791

```
Label Matrix for local noticing         AWN&R Commercial Law Group, PLLC      Advanced Recovery Group
0540-4                                  Attn:  Jeffrey Parrella, Esq.         Attn:  Ekrem Hajra
Case 24-41357                           14 Wall Street, 20th Floor            30 Two Bridges Road Suite 100
Eastern District of Texas               New York, NY 10005-2123               Fairfield, NJ 07004-1546
Sherman
Mon Jun 10 08:06:54 CDT 2024

Ally Financial                          Amazon Logistics, Inc.                Amazon Logistics, Inc.
PO Box 380901                           Attn:  Director, Amazon Logistics     Attn:  General Counsel
Bloomington, MN 55438-0901              PO Box 81226                          Po Box 81226
                                        Seattle, WA 98108-1300                Seattle, WA 98108-1300


Blackmire Realty Inv. Florida, LLC      Brian Anthony Blackmire               CSC, As Representative
5211 Spanish Oaks Drive                 5211 Spanish Oaks                     PO Box 2576
Frisco, TX 75034-5107                   Frisco, TX 75034-5107                 Springfield, IL 62708-2576


Capital One                             (p)CITY OF FRISCO                     Comptroller of Public Accounts
PO Box 60519                            P O BOX 2730                          Austin, TX 78774-0100
City of Industry, CA 91716-0519         FRISCO TX 75034-0051                  111 E. 17th Street 78774-0100


Corporation Service Company, As Rep.    David Fogel, PC                       Davis Wright Tremaine, LLP
Po Box 2576                             c/o David Fogel, Esq.                 Attn:  Alex Rivera
Springfield, IL 62708-2576              1225 Franklin Ave Ste. 201            920 5th Avenue Suite 3300
                                        Garden City, NY 11530-1890            Seattle, WA 98104-1610


Denton County Tax Assessor/Collector    Frisco ISD                            G M Financial
1505 E. McKinney Street                 C/O Perdue, Brandon et al             801 Cherry Street Suite 3600
Denton, TX 76209-4525                   1919 S. Shiloh Road Suite 640, LB 40  Fort Worth, TX 76102-6855
                                        Garland, TX 75042-8234


GM Financial                            (p)HEADWAY CAPITAL                    Headway Capital, LLC
801 Cherry Street Suite 3600            175 W JACKSON BLVD SUITE 1000         C/O National Registered Agents, Inc.
Fort Worth, TX 76102-6855               CHICAGO IL 60604-2863                 1999 Bryan Street Suite 900
                                                                              Dallas, TX 75201-3140


Highland Hill Capital LLC               Human Interest, Inc.                  Internal Revenue Service
1100 Park Central Blvd. S. Suite 1200   Attn:  William Crabill                Central Insolvency Operations
Pompano Beach, FL 33064-2211            2675 W. 600 N. Suite 200              PO Box 7346
                                        Lindon, UT 84042-1262                 Philadelphia, PA 19101-7346


Linebarger, Goggan, Blair & Sampson, LLP Lone Star Logistics and Delivery, LLC Michael S. Mitchell
2777 N Stemmons Fwy Ste 1000            5211 Spanish Oaks                     Michael S. Mitchell
Dallas, TX 75207-2328                   Frisco, TX 75034-5107                 500 N. Central Expressway
                                                                              Suite 500
                                                                              Plano, TX 75074-6703


National Funding                        National Funding, Inc.                (p)NATIONAL FUNDING
Attn:  Jennifer Agriesti                4380 La Jolla Village Drive           ATTN ATTN ROBERT ZAHRADKA
4380 La Jolla Village Dr.               San Diego, CA 92122-1200              9530 TOWNE CENTRE DR SUITE 120
San Diego, CA 92122-1200                                                      SAN DIEGO CA 92121-1981
```

| | | |
|---|---|---|
| National Funding, Inc.<br>9820 Towne Centre Drive<br>San Diego, CA 92121-1912 | RDM Capital Funding, LLC<br>D/B/A FinTap<br>777 Passaic Ave. Suite 375<br>Clifton, NJ 07012-1875 | Texas Workforce Commission<br>TEC Building - Bankruptcy<br>101 E 15th St<br>Austin, TX 78778-1442 |
| The Tax Planning Pros<br>5 Cowboys Way<br>Frisco, TX 75034-2066 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 | U.S. Securities and Exchange Commission<br>801 Cherry Street Suite 1900, Unit 18<br>Fort Worth, TX 76102-6819 |
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | United States Attorney's Office<br>110 N. College Avenue Suite 700<br>Tyler, TX 75702-0204 | United States Trustee<br>110 North College Ave. Room 300<br>Tyler, TX 75702-7231 |
| Wheels<br>Formerly Lease Plan USA Inc.<br>PO Box 978763<br>Dallas, TX 75397-8763 | Xcelerate<br>Formerly Element Fleet<br>9350 Excelsior Blvd. Suite 400<br>Hopkins, MN 55343-0095 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| City of Frisco<br>6101 Frisco Square Blvd.<br>Frisco, TX 75034 | Headway Capital, LLC<br>Attn:  Bankruptcy Notice<br>175 W. Jackson Blvd. Suite 1000<br>Chicago, IL 60604 | National Funding, Inc.<br>9530 Towne Centre Drive Suite 120<br>San Diego, CA 92121 |

End of Label Matrix
Mailable recipients    40
Bypassed recipients     0
Total                  40