DeMarco Mitchell, PLLC
Robert T. DeMarco
Michael S. Mitchell
500 N. Central Expressway
Suite 500
Plano, TX 75074
T  972-57801400
F  972-346-6791

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>**Lone Star Logistics and Delivery, LLC**<br>84-2917608<br>5211 Spanish Oaks<br>Frisco, TX 75034<br><br>**Debtor** | Case No.:　　24-41357-R<br><br><br><br><br>Chapter:　　11 |

### DECLARATION OF BRIAN BLACKMIRE IN SUPPORT OF DEBTOR'S FIRST DAY MOTIONS

**I, Brian Blackmire,** hereby state that I am over eighteen (18) years of age, of sound mind, qualified and competent in all respects to make this Declaration, and do so of my own personal knowledge, and further state the following:

1.　　I am one the managing members of Lone Star Logistics and Delivery, LLC, the Debtor and Debtor in possession in the above-styled and numbered case ("**Debtor**").  In this capacity, I am generally familiar with the day-to-day business and financial operations, and books and records of the Debtor.

2.　　I submit this declaration ("**Declaration**") in support of the First Day Motions (defined *infra*) and other subsequent pleadings, as well as to provide information to parties-in-interest regarding the Debtor. Except as otherwise indicated, all statements set forth in this Declaration are based upon: (a) information supplied to me by other members of the Debtor's management or the Debtor's professionals; (b) my review of relevant documents; and (c) my opinion based upon my experience and knowledge of the Debtor's operations and financial

conditions. If called upon to testify, I could and would testify to the facts set forth in this Declaration.

3. On **June 7, 2024**, (the "**Petition Date**"), the Debtor will be filing a petition for relief under chapter 11 of the United States Code, 11 U.S.C. §§ 101 – 1532 (the "**Bankruptcy Code**").

4. To minimize the impact resulting from the commencement of this chapter 11 bankruptcy case and to negate further economic damage, the Debtor will request various types of emergency relief through several motions (collectively, the "**First Day Motions**"). The First Day Motions seek relief intended to allow the Debtor to effectively transition into chapter 11 and minimize the disruption of its business operations.

5. I am familiar with the contents of each of the First Day Motions (including the exhibits and/or schedules attached thereto), and I believe the requests for relief made therein are:

   a. necessary to enable the Debtor to successfully operate in chapter 11 with minimal disruption and loss of productivity and value;

   b. a critical element to achieving a successful reorganization; and

   c. in the best interest of the Debtor's estate and the creditors thereof.

### A.    Business History and Operations

6. The Debtor is a Texas limited liability company, established August 30, 2019. The Debtor operates a local freight and shipping delivery business from its base of operations in Frisco, Texas. At present, the Debtor employs approximately ninety (90) individuals, including myself and my spouse Brandii.

7.  The Debtor operates as a Last Mile Delivery Service Partner ("DSP") for Amazon and works solely with that company. The Debtor serves as a third-party contractor, utilizing leased Amazon branded delivery vans while delivering goods purchased from Amazon.com and its partners to residential homes and businesses in North Texas. The Debtor has been extremely successful over the past five years even earning the distinction of being ranked number two in the nation in volume/performance during 2022.

8.  While the Debtor is independently owned and has discretion over its internal structure and staffing, Amazon effectively directs 98% of the company's operations. The Debtor, for example, does not control the volume of work assigned to it, the location of its deliveries within its given regional area, the timing of its shifts, the apparel worn by its drivers, or even the ultimate rate at which it is compensated for its services.

9.  This operating environment has presented challenges for the Debtor, as costs and expenses, including the minimum wage paid to drivers, have increased over time without a corresponding increase in the rate of compensation paid by Amazon. To address unexpected expenses, the Debtor turned to merchant lenders.

10.  More recently, beginning in April, 2024, significant reductions in fleet payments and daily route rates paid by Amazon have impacted profitability and led directly to a default in the Debtor's obligations to its lenders.

11.  Despite the challenges described above, the Debtor is profitable and fully capable of continuing its operations with the goal of restructuring and repaying its debt obligations in full.

B.  **Debtor's Expedited Motion for Order Authorizing the Interim
and Final Use, of Cash Collateral**

12. As is set forth in the *Debtor's Expedited Motion for Order Authorizing the Interim and Final Use of Cash Collateral* ("**Cash Collateral Motion**"), the Debtor's secured creditors include several merchant cash advance lenders (collectively, the "**Secured Lenders**"). Those Secured Lenders are as follows:

| Lender | Contact | Email |
|---|---|---|
| Headway Capital, LLC | David Fisher, President | support@headwaycapital.com |
| Highland Hill Capital, LLC (3/6/24 Loan) | Mitchell Levy, Director-Legal Affairs<br><br>Scott Federico, Senior Funding Coordinator<br><br>David Fogel, Esq. | mlevy@highlandhillcap.com<br><br>scott@highlandhillcap.com<br><br>legaldocs@dfogelpc.com<br><br>info@highlandhillcap.com<br>uccsprep@cscinfo.com |
| Highland Hill Capital, LLC (3/27/23 Loan) | Mitchell Levy, Director-Legal Affairs<br><br>Scott Federico, Senior Funding Coordinator<br><br>David Fogel, Esq. | mlevy@highlandhillcap.com<br><br>scott@highlandhillcap.com<br><br>legaldocs@dfogelpc.com<br><br>info@highlandhillcap.com<br>uccsprep@cscinfo.com |
| National Funding, Inc. | Jennifer Agriesti, Senior Portfolio Management Specialist | jagriesti@nationalfunding.com |

**Declaration of Brian Blackmire**

| RD Capital Funding, LLC (d/b/a FinTap) | Ekrim Hajra, Account Manager/Resolutions Specialist, Advanced Recovery Group | ehajra@advancedrecoverygroup.com |

13. Based upon my experience with the company and its historical pattern of income, it is my belief that the sum of outstanding receivables owed to the Debtor by Amazon will remain relatively constant, thus providing the lenders referenced above with continued adequate protection of their interests during the Debtor's reorganization.

14. The Debtor has an urgent need for the immediate use of such cash collateral pending a final hearing on the Cash Collateral Motion. Accordingly, the Debtor seeks to use cash collateral existing on or after the Petition Date, which cash collateral may be subject to the Liens[1] of one or more of the Secured Lenders. As of the Petition Date the Debtor did not have sufficient unencumbered cash to fund its business operations.

15. Absent the ability to use cash collateral the Debtor will no longer be able to maintain the business operations and will be forced to liquidate its assets. Any liquidation will result in **immediate and irreparable harm** to the Debtor and its creditors.

16. Debtor is not able to obtain sufficient funds for the continued operation of the business other than by obtaining the right to use cash collateral pursuant to section 363 of the Bankruptcy Code.

    C.    **Debtor's Expedited Motion for Authority to Pay Employee Wages**

17. The Debtor currently employs a total of ninety (90) individuals. Said employees are paid bi-weekly and one week in arrears.

---

[1] As described in the Cash Collateral Motion.

**Declaration of Brian Blackmire**

18. The Debtor's employees were last paid on May 31, 2024, which payroll covered hours worked by employees during the period from May 12, 2024 through and including May 25, 2024.

19. The Debtor's next payroll disbursement is scheduled to be made on June 14, 2024 for the period covering May 26, 2024 through and including June 8, 2024.

20. The Debtor needs to continue to pay the wages due and owing its employees on a timely basis. The granting of such relief is in the best interest of the bankruptcy estate.

21. The total GROSS wages due and owing the Debtor's employees as of the Petition Date are as follows:

| Debtor | Amount |
|---|---|
| Lone Star Logistics and Delivery, LLC | $131,327.68 |

22. It is my opinion that if the employees are not paid their wages as they come due, many will quit and seek employment elsewhere.

23. In the ordinary course of business, the Debtor is required to hold, in trust for its employees, its portion of certain federal withholding taxes. As it is likely that such taxes are held in trust for the benefit of Texas and/or the Federal Government, there is no reason to bar the Debtor from continuing to pay those obligations on a timely basis, including those taxes incurred and collected pre-petition. The prepetition tax liabilities of the Debtor is projected as follows:

| Debtor | Amount |
|---|---|
| Lone Star Logistics and Delivery, LLC | $10,841.33 |

24. Failure to allow the Debtor to pay such taxes would only result in increased priority tax claims. As such, the Debtor needs to be able to continue to pay all tax obligations in a timely

**Declaration of Brian Blackmire**

fashion. The granting of relief under the subject motion is in the best interests of the bankruptcy estate and the creditors of the Debtor.

### D. Relief Requested

25. For the reasons stated herein and in the First Day Motions, the Debtor requests the relief sought therein be approved and granted.

### E. Verification

26. In accordance with the provisions of 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2024

*/s/ Brian Blackmire*

**Brian Blackmire**

fashion. The granting of relief under the subject motion is in the best interests of the bankruptcy estate and the creditors of the Debtor.

### D.  Relief Requested

25.  For the reasons stated herein and in the First Day Motions, the Debtor requests the relief sought therein be approved and granted.

### E.  Verification

26.  In accordance with the provisions of 28 U.S.C § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 6, 2024

_____
Brian Blackmire