IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN RE:<br><br>**Lone Star Logistics and Delivery, LLC**<br>84-2917608<br>5211 Spanish Oaks<br>Frisco, TX 75034<br><br>**Debtor** | Case No.:    24-41357-R<br><br><br>Chapter:    11 |

### SECOND INTERIM ORDER AUTHORIZING USE OF CASH COLLATERAL

Came on for consideration the *Debtor's Expedited Motion for Order Authorizing the Interim and Final Use of Cash Collateral [11 U.S.C. §§ 105, 361, and 363]* (the "**Motion**"). The Motion is made pursuant to 11 U.S.C. §§ 105, 361 and 363 and Federal Rules of Bankruptcy Procedure 4001 and 9014, seeking authorization for Lone Star Logistics and Delivery, LLC, the debtor and debtor in possession in the above-styled and numbered case ("**Debtor**") to use cash collateral of the Secured Lenders[1] and granting adequate protection to said Secured Lenders for the use of cash collateral.

This Court held an expedited hearing on the Motion on June 13, 2024 ("the **First Interim Hearing**"). At that hearing, the Court authorized the continued use of cash collateral on an interim basis and additionally set a time and date for a second interim as is also set forth herein.

---

[1] Capitalized terms not otherwise defined herein shall have the meaning attributed to them in the Motion.

The Court thereafter held a second interim hearing on the Motion on June 20, 2024 ("the **Second Interim Hearing**").  At that hearing, the Court authorized the continued use of cash collateral on an interim basis as set forth herein and additionally set a time and date for a Final Hearing on the Motion.

Upon review of the Motion and based upon the evidence presented to this Court at the Second Interim Hearing, the Court hereby makes the following findings of fact and conclusions of law:

1. Adequate and sufficient notice of the Motion and the Interim Hearing, under the circumstances, has been provided to all persons entitled thereto pursuant to Rules 2002 and 4001 of the Federal Rules of Bankruptcy Procedure.

2. This matter constitutes a "core proceeding" within the meaning of 28 U.S.C. § 157.

3. This Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334 and 157.

4. Debtor commenced this bankruptcy case on **June 7, 2024,** (the "**Petition Date**") by the filing of a petition for relief under chapter 11 of the Bankruptcy Code.

5. The Secured Lenders assert that they are secured in substantially all Debtor's Equipment, Inventory, and Accounts as more particularly delineated in the Motion (collectively, the "**Prepetition Collateral**") and the proceeds thereof (the "**Cash Collateral**").  The Prepetition Collateral and the Cash Collateral are collectively referred to as the "Collateral."

**ACCORDINGLY, IT IS ORDERED THAT:**

1. Debtor is permitted to use Cash Collateral, in accord with the budget attached hereto as **Exhibit "1"** (the "**Budget**"), provided, Debtor may exceed any line item in the Budget by up to ten percent (10%). The Budget may be updated and modified through the date of the Final Hearing by agreement of the Debtor and the **Secured Lenders** subject to further order of this Court.

2. Debtor's right to use Cash Collateral under this Second Interim Order shall commence on the date of entry of this Second Interim Order and expire on the earlier of: (a) the entry of any subsequent interim cash collateral order; or (b) the entry of a Final Order.

3. As adequate protection of the Secured Lenders' interest, if any, in the Cash Collateral pursuant to sections 361 and 363(e) of the Bankruptcy Code to the extent of any diminution in value from the use of the Collateral, the Court hereby grants the Secured Lenders like-kind replacement security liens on all of the Debtor's Accounts and equipment (the "**Replacement Liens**"), whether such property was acquired before or after the Petition Date.

4. Such Replacement Liens shall be of the exact same validity, priority, and extent as the pre-petition liens held by each respective Secured Lender.

5. Such Replacement Liens are exclusive of any avoidance actions available to the Debtor's bankruptcy estate pursuant to sections 544, 545, 547, 548, 549, 550, 553(b) and 724(a) of the Bankruptcy Code and the proceeds thereof.

6. Further, such Replacement Liens shall be equal to the aggregate diminution in value of the respective Collateral, if any, that occurs from and after the Petition Date.

7. The Secured Lenders shall not be required to file or serve financing statements, notices of liens or similar interests which otherwise may be required under federal or state law in any jurisdiction, or take any action, including taking possession, to validate and perfect such Replacement Liens.

8. This Second Interim Order is without prejudice to the rights of the Secured Lenders or the Debtor as to any further order regarding the use of Cash Collateral as to the request for payment of any other expenses incurred during the period covered by this Second Interim Order.

9. This Second Interim Order is without prejudice to the rights of any party-in-interest, including the Debtor, to contest the priority, validity and enforceability of the Secured Lenders' liens and security interests in and to the Prepetition Collateral.

10. A hearing to consider the entry of a Final Order authorizing and approving the use of Cash Collateral is hereby scheduled for **July 9, 2024, at 9:30 a.m. Central Standard Time** and will be held in person before the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division at the following address:

> **660 North Central Expressway**
> **Third Floor Courtroom**
> **Plano, TX 75074**

11. The Debtor shall serve a copy of this Order on the entire mailing matrix within 1 business day of the Order's entry upon the Court docket.

12. This Interim Order is and shall be fully effective upon its entry.

Signed on 06/20/2024

_Brenda T. Rhoades_    SD

HONORABLE BRENDA T. RHOADES,
CHIEF UNITED STATES BANKRUPTCY JUDGE

**ORDER SUBMITTED BY:**

*/s/ Michael S. Mitchell*
DeMarco•Mitchell, PLLC
Robert T. DeMarco, Texas Bar No. 24014543
**Email**    robert@demarcomitchell.com
Michael S. Mitchell, Texas Bar No. 00788065
**Email**    mike@demarcomitchell.com
500 N. Central Expressway, Suite 500
Plano, TX 75074
**T**          972-578-1400
**F**          972-346-6791
*Proposed* **Counsel for Debtor and Debtor in Possession**

# Lone Star Logistics and Delivery, LLC
## 30 DAY BUDGET (Accrual Method)

|  | 30 day (6/20 - 7/19) |
|---|---:|
| **Beginning Cash Balance as of 06/19/24** | $ 126,192.88 |
|  |  |
| **Ordinary Income/Expense** |  |
|   Income |  |
|     Sales | $ 543,752.00 |
|     Refunds | $ - |
|     Cost of Goods Sold | $ - |
|   Total Income | $ 543,752.00 |
|   **Gross Profit** | **$ 543,752.00** |
|  |  |
|   Expense |  |
|     Computer - POS | $ - |
|     Credit Card Processing | $ - |
|     Dues and Subscriptions |  |
|     Equipment Rental | $ 3,600.00 |
|     Fuel/Gas | $ - |
|     Insurance Expense |  |
|       Auto Insurance | $ 25,285.00 |
|       Workers Comp | $ 9,600.00 |
|       Property Insurance | $ - |
|       Health Insurance | $ 19,896.60 |
|     Total Insurance Expense | $ 54,781.60 |
|     Licenses and Permits | $ - |
|     Marketing | $ - |
|     401k Match | $ 4,073.40 |
|     Office Supplies | $ 1,000.00 |
|     Payroll |  |
|       Employees | $ 330,000.00 |
|       Contractors |  |
|     Total Payroll | $ 330,000.00 |
|     Bank Fees | $ 175.00 |
|     Professional Fees |  |
|       Accounting Fees | $ - |
|       Payroll ADP | $ 1,265.00 |
|       Legal Fees | $ 300.00 |
|     Total Professional Fees | $ 1,565.00 |
|     Rent Expense | $ - |
|     Repairs and Maintenance | $ 25,000.00 |
|     Toll NTTA | $ 2,800.00 |

| | | |
|---|---:|---:|
| Software Licenses | $ | 720.00 |
| Taxes | | |
|    Payroll Taxes | $ | 23,231.40 |
|    Sales Tax Paid | $ | - |
| Total Taxes | $ | 23,231.40 |
| Telephone Expense | $ | 2,195.61 |
| Vehicle Expense | $ | 78,490.00 |
| Pre-employment (Onboarding/Uniforms) | $ | 4,000.00 |
| Subchapter V Fee | $ | 1,000.00 |
| ~~Payment to Highland Hill Capital~~ | ~~$~~ | ~~7,000.00~~ |
| Adequate Protection Payments | $ | - |
| Total Expense | $ | 539,632.01 |
| **Net Ordinary Income** | $ | 4,119.99 |
| **NET INCOME** | **$** | **4,119.99** |
| | | |
| **Ending Cash Balance** | $ | 130,312.87 |